IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL FRIERI,                )
                               )
           Plaintiff,          )
                               )
    vs.                        )   No. 07 C 3267
                               )
K/P CORPORATION,               )
                               )
           Defendant.          )

## MEMORANDUM OPINION AND ORDER

Plaintiff claims defendant has failed to pay him commissions he earned while employed by decedent. Two of his claims are based upon California law. Defendant moves to dismiss those two counts, contending that plaintiff is not covered by California law. We, for now, deny that motion.

The parties seemingly agree that the reach of California law depends upon statutory intent. They also appear to agree that there is little California precedent discussing the extra-territorial reach of California law in employment situations. That law does, in broad strokes, establish the presumption that California does not intend to give its statutes any extraterritorial effect, and the parties do not point to any statutory intention to the contrary. It is also well established that if an employee resides in California, receives pay in California and works exclusively or principally in California, that employee is covered by California law. Tidewater Marine Western, Inc. v. Bradshaw, 14 Col. 4th 57 (1996). But what about employment that is partially in California by persons who do not reside there? Tidewater was not prepared to give a definitive answer, nor was the court in Wren v. RGIS Inventory Specialists, 2007 U.S. Dist., LEXIS 9767 (So.D. Calif). Guy v. ZASCO, 2004 Cal. App. Unpub.

LEXIS 5757, thought 10 per cent time working in California by non-resident was not enough.

Plaintiff claims coverage under California law, and the complaint does not conclusively establish that coverage is inappropriate, and that is enough to defeat the motion to dismiss. The briefs and an affidavit flesh out the facts somewhat, but they are premature. It may well be that plaintiff's contacts in California are insufficient for coverage, but we cannot determine that now.

JAMES B. MORAN
Senior Judge, U. S. District Court

Nov. 19, 2007.